NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAWN COLOMBO, | Civil Action No. 11-0785 (CCC) |
| Plaintiff, | |
| v. | OPINION AND ORDER |
| THE BOARD OF EDUCATION FOR THE CLIFTON SCHOOL DISTRICT, et al., | |
| Defendants. | |
| N.C, Minor, Individually, by and through her parent and Guardian Ad Litem, D.C., and BRANDON COLOMBO | |
| Plaintiff(s), | |
| v. | |
| THE BOARD OF EDUCATION FOR THE CLIFTON SCHOOL DISTRICT, et al., | |
| Defendants. | |

**CLARK, Magistrate Judge**

Currently pending before the Court is plaintiffs N.C ("N.C."). and Brandon Colombo's (hereinafter collectively referred to as "Plaintiffs") cross-motion for leave to file and serve an amended complaint. [Docket Entry No. 69]. Defendants Clifton Board of Education, Richard Tardalo, Peter Cumba, Pat Delotto, and Pasquale Orsini (hereinafter collectively referred to as

1

"Defendants") oppose Plaintiffs' cross-motion. [Docket Entry No. 76]. The Court has fully reviewed and considered all arguments made in support of, and in opposition to, this cross-motion. The Court considers each motion without oral argument pursuant to L. Civ. R. 78.1(b). For the reasons set forth more fully below, Plaintiffs' Cross-Motion for Leave to File and Serve an Amended Complaint is **GRANTED**.

## I.  BACKGROUND

By way of background, this dispute arises out of the alleged pattern of sexual harassment directed at Plaintiffs' mother, consolidated plaintiff Dawn Colombo ("Dawn Colombo"), by defendant Jimmie Warren ("Warren"), the Principal of Clifton High School. [12:-7132; Docket Entry No. 1 ¶¶ 20-26]. In the Fall of 2008, Dawn Colombo's son, Brandon Colombo, was suspended from Clifton High School. [*Id.* ¶ 20]. Dawn Colombo contacted Warren to discuss her son's disciplinary problems, and eventually met with him. [*Id.* ¶ 21-23]. Following their initial meeting, Dawn Colombo alleges that Warren engaged in a "continuing pattern of extremely inappropriate, unwelcome, harassing, and sexually suggestive communications," including "unwanted, inappropriate sexual touching[]." [*Id.* ¶ 24]. In sum, Plaintiffs allege that they were used as pawns to further the alleged inappropriate conduct engaged in by Warren against their mother, Dawn Colombo. [*Id.*]. This included the changing of grades and retaliatory disciplinary actions. [*Id.* ¶¶ 28-29]. Moreover, the Plaintiffs claim that they suffered significant harassment as a result of the alleged actions taken by Warren. [*Id.* ¶ 38-55].

Plaintiffs filed their complaint in the consolidated action on November 16, 2012. [12-7132 at Docket Entry No. 1]. That action was thereafter consolidated with this action on March 28, 2013 and this action was reopened, it having been previously stayed and administratively terminated pending the resolution of the criminal charges against Warren. [Docket Entry No. 34].

On May 12, 2014, the Court entered a consent order allowing Defendants to re-file their Motions to Dismiss, which they did. [Docket Entry No. 34, 53, 54, 55]. On August 5, 2014, Plaintiffs filed their opposition papers to the motions to dismiss, as well as the instant cross-motion to amend. [Docket Entry Nos. 66-69]. Plaintiffs cross-motion seeks to set forth additional facts, assert violations of their right to be free from intimidation by other students, physical intrusions, and psychological attacks by other students, add a claim under the §504 of the Rehabilitation Act, and add a procedural due process claim. [Docket Entry No. 66]. The proposed amended complaint also seeks to remove: (1) Plaintiffs' First Amendment claims in Count 2; (2) Brandon Colombo's Title IX claims in Count 5; (3) and the constitutional and civil rights claims set forth in Counts 8-12. [*Id.*]

Defendants oppose Plaintiffs' cross-motion on several bases. First, Defendants argue that Plaintiffs proposed amended complaint fails to state a cause of action for violations of their purported rights to be free from the following: intimidation by other students, physical intrusions, and psychological attacks. Defendants further argue that there is no constitutional authority to support these purported violations, which are duplicated in Plaintiffs' claims concerning harassment, intimidation, and bullying. With regards to Plaintiffs' proposed due process claims, Defendants argue that Plaintiffs failed to exhaust the procedural protections available to them prior to asserting those claims in federal court. Similarly, Defendants argue that Plaintiffs failed to exhaust the administrative remedies available to them prior to asserting their proposed claim under § 504 of the Rehabilitation Act. Moreover, Defendants argues that Plaintiffs' proposed Rehabilitation Act claim fails to meet the pleading requirement. Even if it did, relief for events occurring prior to November 16, 2012 are barred by the applicable two-year statute of limitations.

## II. LEGAL STANDARD

Pursuant to FED. R. CIV. P. 15(a)(2), leave to amend the pleadings is generally granted freely. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id.* However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

Delay alone is insufficient to deny a request for leave to amend, *see Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d. Cir. 1984), but the moving party "must demonstrate that its delay in seeking to amend is satisfactorily explained." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotations omitted). Courts will deny a request for leave to amend where delay becomes undue, such as when its accommodation creates an "unwarranted burden on the court…[and] unfair burden on the opposing party." *Adams v. Gould*, 739 F.2d 858 at 868.

Prejudice will be considered "undue" when it rises to such a level that the non-moving party would be "unfairly disadvantaged or deprived of the opportunity to present facts or evidence…" *Harrison*, 113 F.R.D. at 468 (internal quotations omitted). In evaluating the extent of any alleged prejudice, the court looks to the hardship on the non-moving party if the amendment were granted. *Cureton v. NCAA*, 252 F.3d 267, 273 (3d Cir. 2001). "Specifically, [courts] have considered whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or theories." *Cureton*, 252 F.3d at 273. The

court of appeals has stated that "prejudice to the non-moving party is the touchstone for the denial of…amendment." *See Cornell & Co. v. Occupational Safety and Health Rev. Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978); *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989).

## III.   DISCUSSION

As an initial matter, although Defendants oppose Plaintiffs' cross-motion to amend, the Court notes that Defendants do not demonstrate that they will suffer any prejudice by the filing of an amended pleading at this stage of the litigation. Nor will they face any undue delay. While the action was commenced in 2012, the parties have not engaged in discovery and only motions to dismiss have been filed.

The crux of Defendant's opposition is that the proposed amendments would not cure the Complaint's defects and any additional claims would be futile. Based on the nature of the futility analysis, Defendants' arguments in opposition to the motion to amend would overlap significantly with the arguments made in support of a motion to dismiss. The Court, in its discretion, will not consider these arguments in connection with its review of the motion for leave to amend. *See In re Aetna UCR Litig.*, No. 07-3541, 2015 U.S. Dist. LEXIS 84600, at *28 (D.N.J. June 30, 2015). In the interests of judicial economy and in the absence of undue prejudice, the Court may decline to engage in a detailed futility analysis where the Court finds that these arguments are better suited for consideration in the context of a motion to dismiss. *See id.* at *28-29; *Strategic Envtl. Partners, LLC v. Bucco*, No. 13-5032, 2014 U.S. Dist. LEXIS 106170, at *2 (D.N.J. Aug. 1, 2014) (preserving futility argument for anticipated motions to dismiss); *Diversified Indus., Inc. v. Vinyl Trends, Inc.*, No. 13-6194, 2014 U.S. Dist. LEXIS 61131, at *1 n.1 (D.N.J. May 1, 2014) (finding, "in the interest of judicial economy and in the absence of prejudice," that the amended counter-claim should be treated as the operative pleading for the purposes of a motion to dismiss despite

the fact that the Court had not yet granted leave to amend). Accordingly, Plaintiffs' motion for leave to amend the Complaint is **GRANTED**. Defendants are advised, however, that they may renew their motions to dismiss following the filing of Plaintiffs' Amended Complaint, and may rely on the arguments set forth in their previous motion to dismiss and in opposition to the instant motion.

## IV. CONCLUSION

The Court having considered the papers submitted pursuant to Fed. R. Civ. P. 78, and for the reasons set forth above;

**IT IS** on this 27th day of October, 2016,

**ORDERED** that Plaintiffs' Cross-Motion for Leave to Amend the Complaint is **GRANTED**; and it is further

**ORDERED** that Plaintiffs shall file the proposed Amended Complaint within **seven (7) days** of this Order; and it is further

**ORDERED** that all of the Defendants shall file a response to the Amended Complaint **within fourteen (14) days** of the filing of the new Complaint; and it is further

**ORDERED** that the Clerk of the Court terminate the aforementioned cross-motion [Docket Entry No. 69].

s/James B. Clark, III  
**HONORABLE JAMES B. CLARK, III**  
**UNITED STATES MAGISTRATE JUDGE**