**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAWN COLOMBO,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>THE BOARD OF EDUCATION FOR THE CLIFTON SCHOOL DISTRICT, MEMBERS OF THE BOARD OF EDUCATION FOR THE CLIFTON SCHOOL DISTRICT, in their official capacity, CLIFTON HIGH SCHOOL, & JIMMIE WARREN, in his official capacity,<br><br>　　　　　　　　Defendants. | Civil Action No.: 11-cv-785<br>Consolidated with:<br>Civil Action No.: 12-cv-7132<br><br><br>**OPINION** |

**CECCHI, District Judge.**

This matter comes before the Court upon (1) the Motion to Dismiss Counts One through Five of Plaintiff Dawn Colombo's ("Plaintiff") Complaint by Defendant Jimmie Warren ("Warren"),[1] and (2) the Motion to Dismiss Plaintiff's Complaint by The Board of Education for the Clifton School District, the Members of the Board of Education for the Clifton School District, and Clifton High School (collectively, the "Board Defendants").[2] The Motions are decided without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure.[3] For the reasons set forth below, Defendants' Motions to Dismiss are granted in part and denied in part.

---

[1] ECF No. 53.

[2] ECF No. 54.

[3] The Court considers any new arguments not presented by the parties to be waived. See Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am., 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

## I.    **BACKGROUND**

This dispute arises out of the alleged pattern of sexual harassment directed at Plaintiff by Defendant Jimmie Warren. Compl.[4] ¶ 17. Warren was the Principal of Clifton High School, which Plaintiff's minor children attended. Id. ¶¶ 8-9. In the Fall of 2008, Plaintiff's son, B.C., was suspended from Clifton High School. Id. ¶ 13. Plaintiff contacted Warren to discuss her son's disciplinary problems, and eventually met with him. Id. ¶15. Following their initial meeting, Plaintiff alleges that Warren engaged in a "continuing pattern of extremely inappropriate, unwelcome, harassing, and sexually suggestive communications," including "unwanted, inappropriate sexual touchings." Id. ¶ 17. Plaintiff alleges the harassment took place during meetings where Plaintiff sought to discuss her son's academic performance and behavior. Compl. ¶ 18. Warren is alleged to have deliberately changed some of Plaintiff's son's grades, and told Plaintiff he would protect her son from disciplinary charges in the hopes that Plaintiff would acquiesce to his sexual advances. Id. ¶ 23-24.

Plaintiff alleges that, on several occasions, Warren exposed his penis to her. Compl. ¶ 26. Additionally, Warren once snuck behind Plaintiff while she waited in his office, "put his hands under Plaintiff's breasts, and fondled them." Id. ¶ 32. On or about June 2010, Plaintiff alleges she told Warren she intended to report his unwanted advances and touchings to the police. Id. ¶ 34. Warren told Plaintiff her son would not receive any further protection if she reported him. Id. Additionally, Plaintiff alleges Warren gave her a $1,000 purse and "directed Plaintiff to keep their 'secret' between them." Id. ¶ 35. Four months later, in September 2010, Plaintiff's son was suspended for a period of 21 days, and Plaintiff contacted Warren to discuss her son's disciplinary

---

[4] ECF No. 1.

infraction. Id. ¶ 36. According to Plaintiff, Warren ignored her for four days, then demanded that they meet in a hotel. Id. ¶¶ 37-38. Plaintiff was assured by Warren that her son's suspension would be lifted if they met, and she reluctantly agreed. Id. At the hotel, Plaintiff attempted to discuss her son's suspension, but to her dismay, Warren removed his pants and lay on the bed. Id. ¶ 40. Plaintiff refused to have sex with Warren, who retaliated by refusing to lift her son's 21 day suspension early. Id. ¶ 42. Plaintiff alleges that members of the Board of Education and other administrators and employees of the District were aware of Warren's misconduct. Id. at 25.

Additionally, Plaintiff alleges that Warren's behavior has led to harassment of her minor daughter, N.C. Compl. ¶ 44. Plaintiff claims N.C. has been the subject of name-calling and threats of physical harm by other students while attending Clifton High School. Id. She alleges that the Defendants have taken no action to address her daughter's social and academic needs. Id.

## II.   **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief can be granted. To survive dismissal, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  In determining the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008).  Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994). However, the "[f]actual allegations must be enough to raise a right

3

to relief above the speculative level." Twombly, 550 U.S. at 555. Furthermore, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Iqbal, 556 U.S. at 678 (internal citations and quotations omitted).

The burden of proof for showing that no claim has been stated is on the moving party. Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)). During a court's threshold review, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." In re Rockefeller Ctr. Props., Inc., 311 F.3d 198, 215 (3d Cir. 2002). In general, the Federal Rules of Civil Procedure should be construed liberally so as to encourage ruling on the merits instead of technicalities: "This liberality is expressed throughout the Federal Rules of Civil Procedure and is enshrined in a long and distinguished history . . . . An inadvertent mistake in pleading will not be held against the pleader if another party has not been misled by the mistake or otherwise prejudiced." Lundy v. Adamar of New Jersey, 34 F.3d 1173, 1186 (3d Cir. 1994). Further, courts will not dismiss for failure to state a claim merely because the complaint mis-categorizes legal theories or does not point to an appropriate statute or law to raise a claim for relief. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 909 n. 10 (1990).

## III.   DISCUSSION

This Court exercises jurisdiction over Plaintiff's Federal claims pursuant to 28 U.S.C. § 1331. Additionally, the Court exercises jurisdiction over Plaintiff's State law claims pursuant to 28 U.S.C. § 1367. Plaintiff's Complaint asserts six counts against Defendants. Compl. at 16-31. Plaintiff's claims include: (1) an equal protection claim under the Federal and New Jersey Constitutions; (2) Federal and State First and Fourteenth Amendment violations of Plaintiff's

4

freedom of speech, freedom of association, and right to petition; (3) violations of Article VIII,

Section 4, Para. 1 of the New Jersey State constitution, which provides for "thorough and efficient"

public education; (4) violations of Plaintiff's substantive due process rights under the Federal and

State Constitutions; (5) violations of Plaintiff's rights under Title IX of the Education Amendments

of 1972; and (6) violations of the New Jersey Law Against Discrimination. (Compl. at 16-31).

Defendants raise various arguments in support of their Motions to dismiss each count in

the Complaint. The Court will address each argument in turn.

A.     **The Board Defendants' Liability Under Section 1983**

The Board Defendants argue that § 1983 liability cannot be imposed under a theory of

respondeat superior, and that Plaintiff has failed to state a claim that Warren's actions implement

or execute a municipal "policy or custom." Monell v. Dep't of Soc. Servs. of City of New York,

436 U.S. 658, 713 (1978); (Board Defs. Br. Supp. at 24-27). The Court agrees with Defendants.

A municipal government may not be sued under Section 1983 for an injury inflicted solely

by its employee. Monell, 432 U.S. at 694. To state a § 1983 claim, a plaintiff must "demonstrate

that the municipality itself, through the implementation of a municipal policy or custom, cause[d]

a constitutional violation." Foster v. Twp. of Hillside, 780 F. Supp. at 1046. A municipality's

failure to act may constitute a policy where the municipality has knowledge of the need to act,

and the failure to act "rises to the level of 'deliberate indifference' which causes a constitutional

injury." Bair v. City of Atl. City, 100 F. Supp. 2d 262, 268 (D.N.J. 2000) (citing City of Canton

v. Harris, 489 U.S. 378 (1989)). The necessary involvement may be shown through allegations

of personal direction or "actual knowledge and acquiescence." Andrews v. City of Philadelphia,

895 F.2d 1469, 1478 (3d Cir. 1990). The existence of actual knowledge or acquiescence must be

pled with specificity. Id.

5

The Court finds that Plaintiff's Complaint fails to state a Section 1983 claim against the Board Defendants. The Complaint alleges a pattern of sexual harassment lasting from 2008 to 2010. (Compl. ¶¶ 13; 35). However, the Complaint is devoid of specific allegations that Plaintiff informed anyone of Warren's inappropriate conduct and similarly does not contain specific allegations to support a claim based on deliberate indifference. Plaintiff alleges that she threatened to report Warren to the police on June 28, 2010. (Compl. ¶ 34.)  However, she does not allege that she ever reported Warren's conduct to any of the Board Defendants between 2008 and 2010. Plaintiff's allegations that the Board Defendants "were aware of Warren's activities and took no action," (Compl. ¶ 25), amount to "naked assertions devoid of further factual enhancement." Iqbal, 556 U.S. at 678 (internal citations and quotations omitted). Accordingly, the Court finds that Plaintiff has failed to state a claim that Warren acted pursuant to a "policy or custom" implemented by the Board Defendants. Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978). Without such allegations of a policy or custom, the Board Defendants cannot be liable for Warren's actions under Section 1983. Id. The Court will dismiss Plaintiff's § 1983 claims against the Board Defendants in Counts One, Two and Four of the Complaint.

**B.    Equal Protection Claim Against Defendant Warren**

Plaintiff brings claims pursuant to 42 U.S.C § 1983, alleging that Warren violated her equal protection rights under the Federal and New Jersey constitutions. (Compl. ¶¶ 46-55). Defendants argue that Plaintiff has failed to state an Equal Protection violation, because she does not challenge the validity of any legislation or regulation. (Board Defs. Br. Supp.[5] at 7-12). Plaintiff contends that she has sufficiently alleged a pattern of sexual harassment motivated by a discriminatory

---

[5] ECF No. 54-1.

purpose based on her gender, which is sufficient to state an equal protection claim. Pl. Br. Opp'n No. 1[6] at 29.

First, the Court finds that a plaintiff may assert an equal protection claim based on sexual harassment. Equal protection claims have "typically been concerned with governmental classifications that 'affect some groups of citizens differently than others.'" Engquist v. Oregon Dep't of Agr., 553 U.S. 591, 592 (2008) (citing McGowan v. Maryland, 366 U.S. 420, 425 (1961). However, in the context of public employment, sexual harassment "can also amount to a deprivation of the equal protection rights afforded under the Fourteenth Amendment." Hargrave v. Cnty. of Atl., 262 F. Supp. 2d 393, 441 (D.N.J. 2003) (citing Davis v. Passman, 442 U.S. 228 (1979)). To establish liability for sexual discrimination against an individual defendant, a plaintiff must show some affirmative conduct by that individual. Foster v. Twp. of Hillside, 780 F. Supp. 1026, 1045 (D.N.J.) (citing Andrews v. City of Philadelphia, 895 F.2d 1469, 1478 (3d Cir. 1990), aff'd sub nom. Foster v. Hillside Police Dep't, 977 F.2d 567 (3d Cir. 1992)). Affirmative conduct may be proven "through allegations of ... direct discrimination by the [individual]." Id. Accordingly, sexual harassment by a public official may form the basis for an equal protection claim in the employment context.

Here, however, Plaintiff was not the employee of Defendants, and Warren was not in a supervisory position over her. Accordingly, Defendants urge, Plaintiff has failed to allege the necessary element of action "under color of law" because Warren did not exercise any state-granted power over Plaintiff. (Board Defs. Br. Supp. at 23). Defendants argue that "Warren could only have been acting in a private capacity when he pursued an inappropriate sexual relationship

---

[6] ECF No. 67-1.

with Plaintiff and engaged in sexual misconduct." (Board Defs. Br. Supp. at 23). For the following reasons, the Court finds that Plaintiff has alleged sufficient facts to state an equal protection claim against Defendant Warren.

Section 1983 liability arises only when Constitutional rights are violated by defendants acting "under color of state law." Bonenberger v. Plymouth Twp., 132 F.3d 20, 24 (3d Cir. 1997). The essence of the "color of law requirement is that the alleged offender ... abused a power or position granted by the state." Bonenberger, 132 F.3d at 24. "It is firmly established that a defendant in a § 1983 suit acts under color of state law when he abuses the position given to him by the State." West v. Atkins, 487 U.S. 42, 49-50 (U.S. 1988). An official in a supervisory position over a lesser-ranking employee "wields sufficient authority to satisfy the color of law requirement." Bonenberger, 132 F.3d at 25. Additionally, other circuit courts have extended liability when public officials employ their government positions to exert influence and control over non-employee plaintiffs. See Johnson v. Martin, 195 F.3d 1208, 1216 (10th Cir. 1999) (recognizing that Whitney v. State of N.M. "clearly established that a public official could be held liable for violating the Equal Protection Clause of the Fourteenth Amendment by sexually harassing a nonemployee."); Whitney v. State of N.M., 113 F.3d 1170, 1174 (10th Cir. 1997) (finding liability where defendant "could not have harassed [plaintiff] absent his authority as an agent for the State."); Dang Vang v. Vang Xiong X. Toyed, 944 F.2d 476, 480 (9th Cir. 1991) (upholding jury verdict that "concluded that defendant used his government position to exert influence and physical control over [nonemployee] plaintiffs in order to sexually assault them").

Here, the Court is guided by the aforementioned cases in finding that Plaintiff has sufficiently alleged that Warren exercised power "possessed by virtue of state law and made possible only because [he was] clothed with the authority of state law." West v. Atkins, 487 U.S.

42, 49 (U.S. 1988). Plaintiff alleges that Warren engaged in a pattern of sexual harassment which included inappropriate communications and touchings, all of which took place during meetings where "Plaintiff sought to legitimately discuss her son's academic performance." (Compl. ¶ 18). Significantly, these interactions began when Plaintiff contacted Warren to discuss her son's performance at the school where he served as Principal. (Compl. ¶ 14). Allegedly, Warren offered to exercise his power as principal to protect Plaintiff's sons from disciplinary action in exchange for sexual favors. (Compl. ¶ 24). Like the defendant in <u>Whitney v. State of N.M.</u>, Warren "could not have harassed [Plaintiff] absent his authority as an agent for the State." 113 F.3d 1170, 1175 (10th Cir. 1997). Accordingly, the Court denies Defendant Warren's Motion to Dismiss Count I of the Complaint against him.

### C.   First Amendment Claims Against Defendant Warren

Plaintiff asserts violations of her First Amendment and analogous State constitutional rights.[7] Compl. ¶ 58. Specifically, she alleges that Defendant violated her right to freedom of speech, freedom of association, and her right to petition for redress of grievances. <u>Id.</u> Defendants argue Plaintiff's complaint does not allege sufficient facts to support these claims. For the following reasons, the Court dismisses Plaintiff's First Amendment claims in Count Two of the Complaint.

#### 1.   Freedom of Speech

Plaintiff's free speech claim centers on Warren's threat that he would stop protecting her

---

[7] The New Jersey Supreme Court follows the same standards developed by Federal courts when resolving analogous State Constitutional claims. <u>Matter of Plan for Orderly Withdrawal From New Jersey of Twin City Fire Ins. Co.</u>, 248 N.J. Super. 616, 629, 591 A.2d 1005, 1012 (App. Div. 1991).

son if she reported him to the police. Pl. Br. Opp'n No. 1 at 31. This threat allegedly restrained Plaintiff's ability to report Warren. Id. Plaintiff argues Warren's conduct was a "viewpoint-motivated restriction" of her protected speech. Id. Defendant argues there are no facts to suggest Plaintiff's speech was actually suppressed. Warren Reply Br.[8] at 5-6.

The Court finds that Plaintiff has not stated a claim for suspension of her protected speech. Plaintiff has not alleged that as a result of Warren's actions, she refrained from reporting him to the police. Cf. Tylicki v. Schwartz, 401 F. App'x 603, 604 (2d Cir. 2010). Plaintiff's allegation that her speech was suppressed by Warren's conduct is undermined by the fact that she ultimately reported Warren to the police in the Fall of 2010. See Geagan v. City Univ. of New York, 2011 WL 3370395, at *12 (S.D.N.Y. July 14, 2011) (finding that Plaintiff's allegations that her speech was chilled were belied by the fact that she continued to exercise her speech by filing complaints following the alleged suppression). Plaintiff bases her claim solely on Warren's behavior, and alleges no other facts regarding her chilled speech. Accordingly, the Court finds that Plaintiff has failed to allege that Warren's conduct had "a present and concrete effect" on her speech. Salvation Army v. Dep't of Cmty. Affairs of State of N.J., 919 F.2d 183, 193 (3d Cir. 1990) (citing Laird v. Tatum, 408 U.S. 1, 13–14 (1984)). Therefore, Plaintiff has failed to state a claim for free speech violations. The Court dismisses Plaintiff's freedom of speech claims against all Defendants.

### 2.    Freedom of Association

Plaintiff also asserts a First Amendment claim based on her "right to control [her] child's education." Pl. Br. Opp'n No. 1 at 34. Plaintiff alleges Warren's sexual harassment interfered with her ability to make decisions regarding her child's education. Id. For the following reasons, the

---

[8] ECF No. 74.

Court finds that Plaintiff has failed to state a freedom of association claim.

Plaintiff relies on Halderman, which held a parent's right to control the upbringing and development of their children is subject to "governmental interference only when such interference is supported by a significant government interest." Halderman, by Halderman v. Pennhurst State Sch. & Hosp., 707 F.2d 702, 709 (3d Cir. 1983). In that case, a mentally disabled minor was transferred from a Hospital to a "community living arrangement" against his parents' will. Id. at 703. The parents properly challenged the transfer, alleging it interfered with their ability to direct their child's education. Id. Here, by contrast, Plaintiff fails to allege how Warren's conduct interfered with her ability to direct her child's education. Unlike the child in Halderman, Plaintiff's child was not moved to a different school or program. 707 F.2d at 703. Rather, Plaintiff alleges only that Warren provided beneficial treatment for her son, and then discontinued that special treatment. Compl. at 42. But Plaintiff bases her "freedom of association" claim on his sexual harassment, not any decisions regarding her children. Accordingly, the Court finds that Halderman is inapplicable here. The Court dismisses Plaintiff's freedom of association claim against all Defendants.

### 3.   Right to Petition and Freedom from Retaliation

The Court also finds that Plaintiff has failed to state a claim under the First Amendment based on her right to petition. Plaintiff asserts a right to petition "retaliation" claim. Pl. Br. Opp'n No 1. At 32. To establish a retaliation claim in this context, a Plaintiff must allege "(1) that they engaged in a protected activity, (2) that defendants' retaliatory action was sufficient to deter a person of ordinary firmness from exercising his or her rights, and (3) that there was a causal connection between the protected activity and the retaliatory action." R.K. v. Y.A.L.E. Sch., Inc., 621 F. Supp. 2d 188, 196-97 (D.N.J. 2008) on reconsideration in part, No. CIV. 07-5918 (JBS),

11

2009 WL 1066125 (D.N.J. Apr. 20, 2009) (citing Lauren W. ex rel. Jean W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir.2007). In the employment context, filing a lawsuit or grievance may constitute a petition within the meaning of the Petition Clause. See San Filippo v. Bongiovanni, 30 F.3d 424, 441 (3d Cir. 1994) abrogated on other grounds by Borough of Duryea, Pa. v. Guarnieri, 564 U.S. 379 (2011). Plaintiff alleges that she had several conversations with Warren. Compl. ¶ 18. However, she did not file a lawsuit or other grievance until the present suit. Additionally, Plaintiff fails to cite to any law that supports her contention that her right to petition is implicated by meetings between parents and school employees. Pl. Br. Opp'n No 1. At 32-33. Accordingly, the Court finds that Plaintiff has failed to state a claim under the First Amendment for violations of her right to petition. The Court dismisses Plaintiff's right to petition claims.

For the foregoing reasons, Count II of the Complaint is dismissed in its entirety.

### D.     Thorough and Efficient Clause Claim

Count Three of the Complaint asserts a claim under the "thorough and efficient" clause of the New Jersey State Constitution. Compl. ¶ 68. Warren and the Board Defendants argue that the Commissioner of the New Jersey Department of Education has jurisdiction to decide this claim, and that Plaintiff has not exhausted her administrative remedies. Board Defs. Br. Supp. at 28-30; Warren Br. Supp. at 12-13. Additionally, Defendants contend the clause is inapplicable here. Warren Br. Supp.[9] at 12. Plaintiff argues the Commissioner does not have exclusive jurisdiction of this claim, that it is properly before this Court, and that she has properly stated a claim for relief in the Complaint. Pl. Br. Opp'n No. 1 at 41-42.

First, the Court finds that it may properly exercise jurisdiction over Plaintiff's State Constitutional claim. The relevant New Jersey Statute provides that "[t]he commissioner shall have

---

[9] ECF No. 53-2.

jurisdiction to hear . . . all controversies and disputes arising under *the school laws* . . ." N.J. Stat. Ann. § 18A:6-9 (emphasis added). Therefore, where a plaintiff is aggrieved by an adverse determination of a school board, the "Commissioner 'has fundamental and indispensable jurisdiction over all disputes.'" Theodore v. Dover Bd. of Educ., 183 N.J. Super. 407, 412-413 (App. Div. 1982). Additionally, cases involving "questions relating to academic courses of study and curricula" are clearly within the Commissioner's jurisdiction. Hinfey v. Matawan Regional Bd. of Educ., 391 A.2d 899, 904 (N.J. 1978) (citing Dunellen Bd. of Ed. v. Dunellen Ed. Ass'n, 64 N.J. 17, 23 (N.J. 1973). In such cases, a plaintiff must exhaust the administrative remedies before bringing suit. Theodore, 183 N.J. at 412; See also N.J. Ct. R. 2:2-3(a). However, Plaintiff here does not raise claims "under the school laws." N.J. Stat. Ann. § 18A:6-9. Here, Plaintiff raises a State Constitutional claim over which the courts have clear jurisdiction. See King v. South Jersey Nat. Bank, 66 N.J. 161, 177 (N.J. 1974) (citing Robinson v. Cahill, 62 N.J. 473, 492 (N.J. 1973) ("The power of the Court to enforce rights recognized by the New Jersey Constitution, even in the complete absence of implementing legislation, is clear."). Accordingly, the Court finds that it has jurisdiction over Plaintiff's State Constitutional claim.

Next, the Court finds that Plaintiff's Complaint fails to state a claim under the "thorough and effective" clause of the New Jersey State Constitution. Compl. ¶¶ 66-76. Article VIII, Section 4, ¶ 1 of the New Jersey Constitution provides: "The Legislature shall provide for the maintenance and support of a thorough and efficient system of free public schools for the instruction of all the children in the State between the ages of five and eighteen years." Historically, this clause has been employed to challenge administrative and regulatory schemes affecting public schools. See Abbott by Abbott v. Burke, 149 N.J. 145, 152 (1997) (challenging the funding of schools in poor urban areas designated as "special needs districts"); Abbott by Abbott v. Burke, 119 N.J. 287,

294-95 (1990) (challenging constitutionality of the Public School Education Act of 1975); Robinson v. Cahill, 62 N.J. 473 (N.J. 1973) (challenging the constitutionality of system of financing the public schools of New Jersey); Millville Bd. of Educ. v. New Jersey Dep't of Educ., 367 N.J. Super. 417, 419 (App. Div. 2004) (considering whether preschool programs must be funded exclusively by the State); Stubaus v. Whitman, 339 N.J. Super. 38, 44, 770 A.2d 1222, 1225 (App. Div. 2001) (challenge to the "school funding system that was established by N.J.S.A. 18A:7F-1 to -36"); Parsippany-Troy Hills Educ. Ass'n v. Bd. of Educ. of Parsippany-Troy Hills Twp., 188 N.J. Super. 161, 163-64 (App. Div. 1983) (considering whether State Board of Education is required to offer driver's education, including behind-the-wheel and classroom components). Here, Plaintiff does not challenge any regulatory or funding scheme of the public education system, and raises only allegations of sexual harassment. However, Plaintiff does not point to any cases that support her claim for a "thorough and efficient" violation based on sexual harassment. Pl. Br. No. 1 at 41-42; Pl Br. No. 2[10] at 5. The Court therefore finds that Plaintiff has failed to allege sufficient facts to support a claim under the "thorough and efficient" clause of the New Jersey State Constitution. Accordingly, the Court dismisses Count Three of Plaintiff's Complaint.

E.      **Substantive Due Process Claim Against Defendant Warren**

Plaintiff alleges that Defendants denied her the ability to access her child's education in violation of the Fourteenth Amendment. Pl. Br. No. 1 at 40. Warren argues that Plaintiff has not alleged sufficient facts to support a substantive due process claim under this theory. Warren Br. Supp. at 13. Plaintiff argues that Warren's sexual harassment infringed upon her right "to control

---

[10] ECF No. 68-1.

14

the education and custody of her child." Pl. Br. No. 1 at 39-40. The Court disagrees with Plaintiff.

For the following reasons, the Court finds Plaintiff has failed to state a substantive due process claim. "The right of parents to raise their children without undue state interference is well established." Gruenke v. Seip, 225 F.3d 290, 303 (3d Cir. 2000). In support of her substantive due process claim, Plaintiff relies on Halderman for the proposition that parents have a substantive right "to direct and control the upbringing and development of their minor children." Halderman, by Halderman v. Pennhurst State Sch. & Hosp., 707 F.2d 702, 709 (3d Cir. 1983). This "familial integrity" right has been recognized in cases where parents object to school officials' decisions concerning the care, custody, or control of their children. Usually, these decisions have a significant impact on the children's lives. In Halderman, for example, the parents objected to the school's decision to transfer their disabled child from a hospital to a community living facility. Id. at 703. There, the parents alleged their choice to place their child in a hospital was preempted by the school officials. Id. Similarly, in Gruenke, the parents alleged that school officials forced their minor child to take a pregnancy test in the presence of other students without first contacting them. 225 F.3d at 295. The Gruenke court found that the parent could state a "familial integrity" claim because the school officials' "failure to notify her while instead aiding and abetting the members of the team and their mothers in making [plaintiff's daughter's] pregnancy a subject of gossip in the school community, violated her constitutional right to manage the upbringing of her child." Gruenke v. Seip, 225 F.3d 290, 306 (3d Cir. 2000).

The present case can be distinguished from Halderman and Gruenke. Plaintiff does not specify which of her decisions to manage her children were displaced. Compl. ¶¶ 16, 23. The Court finds that Plaintiff has failed to allege sufficient facts regarding interference with her ability to make decisions about the care, custody, or control of her children. Therefore, Plaintiff has failed

15

to state a Substantive Due Process claim. The Court dismisses Count Four of Plaintiff's Complaint against Warren.

### F.    Title IX Claim

Count Five of the Complaint alleges violations of Title IX of the Education Amendments of 1972. Compl. ¶¶ 87-93. Defendants allege that Plaintiff has failed to state a claim because she is not a student and therefore does not have standing to assert a personal claim under Title IX. Warren Br. Supp. at 14; Board Defs. Br. Supp. at 31-32. Plaintiff argues the Third Circuit has not decided whether parents have standing when they are the subject of sexual harassment, and claim she should be allowed to "develop this legal theory." Pl. Br. No. 1 at 43. For the following reasons, the Court finds Plaintiff has failed to state a Title IX claim.

Title IX provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681. Title IX has been used in cases involving a school employee's sexual harassment of a student, and even the sexual harassment of students by other students. See Davis Next Friend LaShonda D. v. Monroe Cnty. Bd. of Educ., 526 U.S. 629, 632 (1999); see also Franklin v. Gwinnett Cnty. Pub. Sch., 503 U.S. 60, 63 (1992). Typically, parents, in their personal capacity, may not bring a claim under Title IX when their children are sexually harassed by school officials. Rowinsky v. Bryan Indep. Sch. Dist., 80 F.3d 1006, 1009 n. 4 (5th Cir. 1996) disapproved of on other grounds by Davis, 526 U.S. 629 (1999). The Rowinsky court reasoned the parent lacked standing because she failed to assert she was excluded from participating in, or denied the benefits of, any education program. Id. Here, Plaintiff similarly has failed to assert she has been discriminated against as a beneficiary of education benefits. Additionally, this Court is aware of – and Plaintiff has pointed

16

to – no precedent extending the protections of Title IX to parents who are sexually harassed by school employees. Accordingly, the Court finds that Plaintiff lacks standing to assert a Title IX claim. Defendants' Motions to Dismiss will be granted on this point, and Count Five of the Complaint will be dismissed.

### G.     New Jersey Law Against Discrimination Claim

Count Six of the Complaint asserts a claim for violations of the New Jersey Law Against Discrimination ("LAD"). Compl. ¶¶ 94-104. Defendants argue this Count should be dismissed because the LAD is limited to instances of student-on-student harassment, and because Plaintiff has not been "aggrieved" under the LAD. Board Defs. Br. Supp. at 32-37. Plaintiff argues that LAD liability in this case would be consistent with the LAD statute and with New Jersey precedent. Pl. Br. No. 1 at 5. The Court finds that Plaintiff has alleged enough facts to support a LAD claim.

The LAD provides in relevant part:

> All persons shall have the opportunity to ... obtain all the accommodations, advantages, facilities, and privileges of any place of public accommodation ... without discrimination because of race, creed, color, national origin, ancestry, age, marital status, affectional or sexual orientation, familial status, disability, nationality, sex or source of lawful income used for rental or mortgage payments.... This opportunity is recognized as and declared to be a civil right.

N.J.S.A. § 10:5-4

The LAD is to be broadly and liberally applied in order to increase its antidiscriminatory impact. Doe v. Schwerzler, 2008 WL 4066338, at *4 (D.N.J. Aug. 27, 2008) (citing Ptaszynski v. Uwaneme, 371 N.J. Super. 333 (App. Div. 2004)). The Supreme Court of New Jersey has held that a school or school district may be liable under the LAD for student-on-student sexual harassment. L.W. ex rel. L.G. v. Toms River Reg'l Sch. Bd. of Educ., 189 N.J. 381, 402 (2007). In L.W. the court extended liability for student-on-student harassment, but did not, as Defendants

17

contend, limit liability only to those cases. Id. Indeed, other District Courts in this District have rejected the argument that the LAD applies only to "student-on-student" harassment. See Schwerzler, 2008 WL 4066338, at *4 ("the NJLAD's broad remedial goal to prevent sexual harassment in places of public accommodation appears to encompass" a claim by a student against another school's swim coach). Guided by these cases, the Court finds that Plaintiff may proceed with her claim under the LAD.

Defendants also argue that Plaintiff cannot state a claim under the LAD because she is not an "aggrieved" party under the statute. Board Defs. Br. Supp. at 36. In support, they rely on L.W.'s holding that the parent of the sexually harassed child was not "aggrieved" because she was not the person "against whom the discrimination was directed." L.W., 381 N.J. Super. at 500. That holding is inapposite here, because Plaintiff has alleged that she herself was the victim of Warren's sexual harassment. Accordingly, even under L.W., Plaintiff would be considered the individual "against whom the discrimination was directed," i.e., the aggrieved person. Id. Accordingly, Defendants' motion to dismiss Plaintiff's LAD claim is denied.

## IV.    CONCLUSION

Based on the reasons set forth above, Defendants' Motions to Dismiss Plaintiff's Complaint are granted in part and denied in part. To the extent any of Plaintiff's claims are dismissed hereunder, they will be dismissed without prejudice. Plaintiff may replead the dismissed claims within 30 days. An appropriate Order accompanies this opinion.

DATED: October 31, 2016

_____
CLAIRE C. CECCHI, U.S.D.J.

18